### Mayberg et al v. Steinhardt et al.

Vendor and Purchaser—Decretal Sale—Retention of Property by Defendant—Constructive Fraud.

    The possession of personal property by an execution creditor after a decretal sale as agent of the purchaser does not come under the rule that a vendor's possession after his absolute sale of movable property is a constructive fraud.

APPEAL FROM JEFFERSON CIRCUIT COURT.

February 19, 1869.

Opinion of the Court by Judge Robertson:

It seems to this court that the evidence is insufficient to prove that the property attached in this case is subject to the attachment. It is apparently the property of the Steinhardts; and the possession and ostensible ownership of Levy is not sufficient proof of fraud in the contract between him and those claimants, and which was not a sale by him to them, but only an agreement by them, after their uncontrovted purchase under a decretal sale, that he might retain the possession and manage the property as their agent and for their joint benefit. Such possession and use are not embraced by the principle of the rule that a vendor's possession after his absolute sale of moveable property is a constructive fraud. Nor did the possession and the delay in changing the sign give to Levy a delusive credit so far as the appellants are concerned, because their debts were contracted before the purchase by the Steinhardts.

Consequently the facts, though rather squinting at collusion, cannot be adjudged by this court as sufficient to prove it.

Wherefore, the judgment of the chancellor is *affirmed*.

*Dembitz, Muir & Bijur, for appellant.*

*Farleigh, for appellee.*